Mott *vs.* Hill.—Carey *vs.* Greene.

---

No. 14.—Edward Carey, assignee, plaintiff in error, *vs.* George W. Greene, defendant.

[1.] In suing on bank bills : *Held*, not necessary to describe them by setting forth the numbers and letters.

[2.] The Bank of Columbus made an assignment of its effects, and its

charter was afterwards forfeited by a judgment of the proper Court, at the instance of the State. The Legislature, subsequent to the forfeiture, affirmed the assignment, and placed the assignee upon the footing of a receiver. In a suit by the holder of the bills of the bank against the assignee: *Held,* that a demand of payment of the bills made by the plaintiff on the receiver, after the forfeiture, did not entitle him to recover *ten per cent.* damages under the Act of 1832.

Assumpsit, &c. in Muscogee Superior Court. Tried before Judge ALEXANDER, November Term, 1848.

George W. Greene brought suit against Edward Carey, assignee of the Bank of Columbus, to recover the amount of seventy-six promissory notes, or bank notes, issued by that bank. Upon the trial at November Term, 1848, the counsel for defendant objected to the bills going in evidence under the declaration, because *the letters and numbers* which appeared in each of the bills were not mentioned or described in the declaration. The Court overruled the objection, and defendant excepted.

It was admitted in the Court below, that the plaintiff, on 30th March, 1845, demanded payment of the bills sued on, of Edward Carey, the assignee, who replied that he had no funds to pay the same. The demand was after the assignment to Carey, and after the forfeiture of the charter of the bank.

The Court charged the Jury, that the plaintiff was entitled to ten per cent. damages on the amount of his demand, on the refusal of the assignee to pay the same.

To this decision exceptions were filed, and these two questions were brought before this Court for review.

W. DOUGHERTY, for plaintiff in error.

JAS. JOHNSON, for defendant in error, cited—

*Ryan vs. Baldrick,* 3 *McCord,* 498. *Bank of Pa. vs. McCalmont,* 4 *Rawle,* 307, 16. *Perit vs. Pitfield,* 5 *Rawle,* 166.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The objection to the bills being read in evidence is, that they are not sufficiently described in the declaration. The defi-

Carey *vs.* Greene.

ciency consists in not setting forth the letter and number of each bank bill. The bills are the evidence of the bank's undertaking to pay. *That* is sufficiently set forth in the declaration. It describes each bill truly, in the date, amount, names and promise. These constitute the foundation of the action. The letters and numbers of the bills constitute no part of the contract. They are put there for the convenience of the bank which issues them. It is argued, that unless the bills are described by the letters and numbers, the record will be no protection to the bank in another suit on the same bills; for the bank may issue many bills on the same day, of the same denomination, and the letters and numbers are the only means of identification. This may be so—the bank may be subject to this sort of inconvenience—but the peril is of its own seeking—it is incident to the peculiarity of its business, and ought not to impose extraordinary burthens upon the holders of the bills. The plaintiff has a good cause of action defectively set forth. If that be so, the defect is cured by the verdict. Whatever the exception might be worth, if taken at the first term, it is worth, as we believe, nothing when taken, as here, on the trial. In this particular we affirm the judgment of the Court below.

[2.] By the Act of 1832, banks which fail to pay their bills in specie, upon demand made, " upon suit thereof," are required to pay to the holder ten per cent. damages in addition to the lawful interest. *Prince,* 48. The Bank of Columbus made an assignment of its effects, to pay its debts, to the defendant, Edward Carey. Subsequent to the assignment, its charter was forfeited by a judgment of the proper Court; and subsequently to the forfeiture, by the Act of December, 1843, the Legislature affirmed the assignment, and recognised Carey as the assignee; authorising him to sue and to be sued, and subjecting him to the responsibilities of receivers under a previous Act, passed in 1842. Subsequent to the assignment, and subsequent to the forfeiture of the charter, the plaintiff made demand upon Carey of the bills sued on, and claimed the ten per cent. damages authorised by the Act of 1832. The Court instructed the Jury that he was entitled to receive them, and the defendant excepted.

It may perhaps be doubted whether, if after the assignment and before the forfeiture of the charter, demand had been made upon the bank, the plaintiff would be entitled to the damages. It might be said, that in such a state of facts, the contingency, to wit: the

demand on the bank upon which the damages accrue, being prac-
ticable and actually happening, the damages are as much a debt
as the principal and lawful interest.    I express no opinion upon
that question.    The case supposed is not this case.    Here, the
charter of the bank was revoked by a decree, and the effects in
the hands of the assignee, who was also made a receiver by Act
of the Legislature, before any demand was made.    No demand
was ever made upon the bank—it was made upon the assignee or
receiver, after the corporation was dissolved.    We think that the
debts to be paid by the assignee, must occupy the status which
they held at the time that the charter was dissolved, and, inasmuch
as at that time no demand had been made, there were no dam-
ages due and are not now collectable.    The right to damages is
conferred by Statute, and is in the nature of a penalty on the
banks for not redeeming their bills in specie.    It is not a right in-
herent in the original contract on the notes between the bank and
the holders.    The damages do not, until demand is made, consti-
tute a liquidated demand.    The right to them is conditional.    It
depends upon a demand—without that it does not exist.    When
demand is made and the bank refuses to redeem her bills, she is
guilty of a *tort* and is punished for it by a liability to pay ten
per cent. on the amount so demanded.    All of which proves, that
there was no right in the plaintiff to have and receive the dama-
ges, there having been no demand made at the time of the judg-
ment of forfeiture.    After that, the demand was impossible, and,
therefore, the damages for refusal to pay impossible.    Where
there is a legal declaration of forfeiture, the bank, as a creature
of the law, becomes extinct.    Her franchises all revert to the
State, who gave them.    She can neither sue nor be sued in her
corporate name.    The personal estate, by the Common Law,
went to the King—here, to the people.    The assets of the bank,
where a forfeiture is declared, devolve upon the people, who,
through the Legislature, have the right to control them.    In this
case the Legislature controls them by turning them over to the
hands of a receiver, to be applied to the payment of her debts.
Thus, the legal existence of the bank being annihilated, no de-
mand is practicable.    There is no such entity as the Bank of Co-
lumbus.    Of course she can commit no *tort*.    She can create no
new liability.    The right—conditional right—in the bill-holder is
lost by the extinction of the corporation.    Now the defendant,

Carey *vs.* Greene.

Carey, is said to be the agent or trustee of the bank, and that the right to demand payment, and on refusal, to have damages from him, exists. Not so. If viewed as the assignee of the bank, he receives the assets to pay debts existing at the time of the assignment. He has no power to increase their amount by any act of omission or of commission. His agency is specific. The assignment is the law of his trust. The assets are transferred to him to *pay debts,* not to redeem bills. He has none of the franchises of the bank. He is not capable of committing a *tort* by retroaction for his extinct assignors. The law which authorises the demand, contemplates *a bank*—it looks to those relations which exist between a bank and the public—none of which existed at the time this demand was made. The demand upon him was perfectly nugatory.

But there is a still farther view of this subject. Mr. Carey is not only the assignee of the bank, but the forfeiture of its charter by order of the Legislature, and the affirmation, by law, of the assignment, made him the *agent of the people,* to take the assets of the bank which devolved upon them, and apply them to the payment of the debts of the incorporation. As agent of the State, or the people, he was not liable to this demand and forfeiture; and the plaintiff acquired no rights of any kind, by making the demand upon him. The law of 1843 puts him upon the footing of a *receiver,* authorised to *receive,* on the part of the people, the assets and to apply them. As agent of the State, he could neither do, nor fail to do, any act which could increase the original liabilities of the Bank of Columbus.

Upon this assignment let the judgment of the Court below be reversed.